**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

GARY DALESSANDRO,
An individual,

      Plaintiff,

v.

SERVICE KING PAINT & BODY, LLC,
A Texas Limited Liability Company,

      Defendants.

---

**COMPLAINT WITH JURY DEMAND**

---

COMES NOW the Plaintiff, Gary Dalessandro, through his attorneys, Thomas H. Mitchiner of Mitchiner Law, LLC, and Steven L. Murray of Murray Law, submitting his Complaint and Request for Jury Trial against Service King Paint & Body, LLC, alleging:

**I.  NATURE OF THE CASE**

This action is an employment discrimination case arising from the discriminatory treatment of Gary Dalessandro by his former employer, Service King Paint & Body, LLC. Dalessandro, a male, was subjected to sex discrimination in the form of a hostile work environment based on sex while working for Service King Paint & Body, LLC. The discriminatory actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

*et seq.*, *as amended* [Title VII], and the Colorado Anti-Discrimination Act C.R.S. 24-34-401 *et. seq.* [CADA].

## II.  JURISDICTION AND VENUE

1.     Jurisdiction is proper under 28 U.S.C. §§ 1331, and 42 U.S.C. §§ 2000e-5(f) (1), (3), *as amended by* 42 U.S.C. §§ 1981a (a) (1), (2).

2.     Supplemental jurisdiction over plaintiff Dalessandro's CADA claims is proper under 28 U.S.C. §1367(a).

3.     This action is authorized and instituted under Title VII and CADA.

4.     The claims in issue arose in Littleton, Colorado. All claims arose in the Judicial District of this Court.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) (c), 42 U.S.C.  § 2000e-5(f) (3).

## III.  PARTIES

6.     Plaintiff Gary Dalessandro [Dalessandro] is a resident of Harsel, Colorado.

7.     Defendant, Service King Paint & Body, LLC [Service King], is a Texas limited liability company with its principal place of business at 2375 N. Glenville Dr., Building A, Suite 500 Richardson, Texas.

8.     Service King operates automobile body shops in Colorado.

9.     Dalessandro worked for Service King at its location at 8089 West Brandon Drive Littleton, Colorado.

10.     Service King was an employer, and Dalessandro was a Service King employee under Title VII and the CADA.

## IV. **ADMINISTRATIVE PROCEDURES**

11.     Dalessandro Before filing this action, Dalessandro timely, properly, and lawfully exhausted and satisfied all required administrative prerequisites, procedures, and remedies, before fling this case.

12.     Dalessandro filed a timely and proper charge of sex discrimination and a hostile work environment based on sex with the Equal Employment Opportunity Commission in March of 2020, against Service King [EEOC Charge No. 541-2020-01686].

13.     On January 21, 2021, the EEOC mailed, and Dalessandro received a "Notice of Right to Sue" letter for EEOC Charge No. 541-2020-016861, which entitles him to sue within 90 days of the mailing of the notice.

14.     This civil action is timely and properly filed.

## V. **BACKGROUND**

15.     Service King is an automobile collision repair/ body shop.

16.     Dalessandro began working for Service King in June of 2019 as a Customer Service Representative/Estimator.

17.     Dalessandro had extensive experience working for collision repair/ body shops before Service King hired him.

18.     Service King guaranteed Dalessandro would make $1,700.00 per week for his work during his first 30 days of employment.

19.     Service King guaranteed Dalessandro that after his first 30-days of work, he would earn 7% of the price of the ticket charge to the customer for each car for which he had responsibility.

20.     Jonathon Kim [Kim] worked as Dalessandro's manager at Dalessandro's work location, and he was Dalessandro's direct supervisor.

21.     Kim is a male.

22.     Kim hired Dalessandro.

23.     Micah Elsom [Elsom] was Kim's direct supervisor and worked as the Director of Operations.

24.     Bret McCord [McCord] worked as the Assistant General Manager of the Littleton store.

25.     Service King has a code of conduct prohibiting sexual harassment and sex discrimination.

26.     Dalessandro worked for Service King as a dedicated employee from June 25, 2019, through October 2019.

27.     At all times in issue, Dalessandro was married to a woman.

28.     Dalessandro and his wife operate a non-profit ranch in Hartsel, Colorado, for children and individuals with post-traumatic stress disorder.

## VI.    GENERAL ALLEGATIONS

29.     Early in Dalessandro's tenure with Service King, King made sexual advances against him.

30.     Kim, in a meeting with Dalessandro, stepped away from the back of his desk where he was sitting to sit next to Dalessandro.

31.     Kim then complained about Dalessandro's female coworkers, calling them "bitches" and saying they were all "F-ing against me."

32.     During the conversation, Kim put his arm around Dalessandro from the back.

33.     Kim's actions made Dalessandro uncomfortable, and he promptly ended the conversation.

34.     Dalessandro, at the direction of Assistant General Manager McCord, who observed Kim's actions against Dalessandro, on many occasions, called Elsom, Kim's direct supervisor, to complain about Kim's actions.

35.     Elsom never returned Dalessandro's phone calls.

36.     Dalessandro sent an email to Elsom generally outlining his concerns.

37.     When Elsom visited the store, Dalessandro explained and complained more about Kim's conduct and asked Elsom if he could transfer to a different store.

38.     Elsom told Dalessandro he would see what he could do.

39.     A week later, Kim, knowing Dalessandro operates a ranch, called Dalessandro a "gay fucking goat fucker."

40.     Dalessandro shared with Kim that members of his family were gay and that he found his comment offensive.

41.     Throughout his time at Service King, Kim constantly touched Dalessandro and tried to kiss him.

42.     Dalessandro touched Dalessandro and tried to kiss him in front of McCord and other employees.

43.     Service King employees heard Kim make sexual innuendos towards Dalessandro about having sex with animals.

44.     Dalessandro constantly asked Service King if it could transfer him to another store.

45.     Service King did not assist Dalessandro with his requests to transfer.

46.     Kim learned about Dalessandro's desire to leave and told Dalessandro he would kiss him every day to prevent him from leaving the location.

47.     Kim then touched Dalessandro in the groin.

48.     After Dalessandro's multiple attempts to transfer to a different store were unsuccessful, Dalessandro faced intolerable working conditions, forcing him to resign.

49.     Service King constructively discharged Dalessandro from employment because he confronted working conditions so intolerable that a reasonable person in his position would feel compelled to resign.

50.     After Dalessandro resigned, Service King interviewed him and other witnesses.

51.     During Dalessandro's employment, Service King did not interview him about Kim.

52.     Service King found Kim's conduct violated the code of conduct and terminated his employment.

## VII.   CLAIMS FOR RELIEF

### First Claim

**[Sex Harassment/Hostile Work Environment - Title VII-Supervisor & Tangible Employment Action]**

53.     Dalessandro incorporates and restates all allegations previously asserted in this Complaint.

54.     Title VII prohibits sexual discrimination and harassment in a hostile work environment based on sex.  42 U.S.C. Sections 2000e-2(a)(1).

55.     Kim was Dalessandro's direct supervisor.

56.     Considering all the facts cumulatively, Service King and Kim intentionally created, tolerated, and perpetuated a hostile and abusive work environment based upon sex against Dalessandro.

57.     Service King and Kim and subjected Dalessandro to repeated verbal comments of a sexual nature, sexual advances, physical threats, and touching of a sexual nature.

58.     Service King and Kim's sexual conduct and comments directed at Dalessandro were unwelcome and offensive.

59.     Service King and Kim's sexual conduct and comments directed at Dalessandro were sexual and/or directed at Dalessandro because of his sex, a Title VII protected class.

60.     Service King and Kim's sexual conduct and comments were sufficiently severe or pervasive to alter the terms and conditions of Dalessandro's employment by creating an abusive working environment Dalessandro, involving discriminatory intimidation, ridicule, and insult, causing him emotional and/or physical harm.

61.     Dalessandro perceived the working environment to be sexually abusive or hostile.

62.     A reasonable man in Dalessandro's circumstances would consider the working environment to be abusive or hostile.

63.     Each successive episode of Service King's cumulative conduct against Dalessandro, constituting the hostile work environment, had its predecessors, and the impact of the separate incidents accumulated to create an unlawful work environment that exceeded the sum of any individual episode.

64.     At all times, Service King knew the sexual harassment directed at Dalessandro.

65.     Dalessandro made repeated complaints to Service King officials and managers about the sexual harassment he suffered, and Service King Dalessandro neither protected Dalessandro nor remedied the sexual harassment,

66.     Service King condoned the sexual harassment and hostile environment of Dalessandro by refusing to permit Dalessandro to transfer to another store and protect him from the sexual effectively discharging Dalessandro from employment.

67.     Service King subjected Dalessandro to a constructive discharge, an adverse tangible employment action.

68.     Service King is liable for subjecting Dalessandro to a sexually hostile work environment because Kim was Dalessandro's supervisor, and he sexually harassed Dalessandro.

69.     The sexual harassment resulted in an adverse tangible employment action against Dalessandro, a constructive discharge, involuntary separation from employment.

70.     Service King's treatment of Ms. Dalessandro constitutes (1) an intentional, unlawful, hostile work environment based on sex and (2) intentional, unlawful discriminatory practices.

## Second Claim

## [Sex Harassment/Hostile Work Environment - Title VII-Supervisor & No Tangible Employment Action]

71.     Dalessandro incorporates and restates all allegations previously asserted in this Complaint.

72.     Service King subjected Dalessandro to a sexually hostile work environment through Kim, Dalessandro's supervisor, who subjected Dalessandro to sexual harassment.

73.     In the alternative, meaning - if Dalessandro did not suffer a tangible employment action, Service King is liable for the sexually hostile environment.

74.     At all times, Service King knew the sexual harassment directed at Dalessandro.

75.     Service King did not exercise reasonable care to prevent and promptly correct the sexually harassing behavior.

76.     Dalessandro acted reasonably, not unreasonably, because he took advantage of the preventive or corrective opportunities provided by Service King, and he acted reasonably to avoid harm otherwise.

77.     Service King's treatment of Ms. Dalessandro constitutes (1) an intentional, unlawful, hostile work environment based on sex, and (2) intentional, unlawful discriminatory practices.

### Third  Claim

### [Sex Harassment/Hostile Work Environment - Title VII- Co-Worker Harassment]

78.     Dalessandro incorporates and restates all allegations previously asserted in this Complaint.

79.     Service King subjected Dalessandro to a sexually hostile work environment through the actions of Kim, who subjected Dalessandro to sexual harassment.

80.     In the alternative, meaning – is Service King Dalessandro was subjected to sexual harassment by a co-worker, Service King is liable for the sexually hostile environment.

81.     Dalessandro made repeated complaints to Service King officials and managers about the sexual harassment he suffered.

82.     Service King and members of Service King's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

83.     Service King's treatment of Ms. Dalessandro constitutes (1) an intentional, unlawful, hostile work environment based on sex and (2) intentional, unlawful discriminatory practices.

## VII.  REQUEST FOR RELIEF

WHEREFORE, Service King's unlawful conduct directly caused Gary Dalessandro to suffer injuries, damages, and losses;

FURTHER, Dalessandro respectfully requests this Court to enter judgment in his favor and against Defendant Service King on his claims and award the following relief under Title VII and all laws:

(a)   To enter a judgment for Dalessandro and against Service King, finding the acts of Service King constitute unlawful Intentional sex discrimination, in the form of sexual harassment and a hostile work environment based on sex, in violation of Title VII.

(b)   To award Dalessandro the remedies of damages for back pay, restored benefits, accommodations, actual monetary damages, loss of wages, salary, retirement contributions, all loss of income, and all loss of monetary damages to which he is entitled.

(c)   To award Dalessandro compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all loss of compensatory damages to which he is entitled.

(d)   To award Dalessandro punitive damages.

(e)   To award Dalessandro the remedy of  front pay.

(f)   To award Dalessandro attorney fees and costs.

(g)   To award Dalessandro pre-judgment and post-judgment interest at the appropriate rate provided by law.

(h)   To direct Service King to take such affirmative relief steps as are necessary to ensure that the effects of Service King's unlawful employment practices are eliminated and do not continue to affect Dalessandro's employment opportunities; and

(j).   To award Dalessandro all other legal and equitable relief, to which Ms. Dalessandro is entitled under any law, this Court deems just, equitable, and proper.

## IX.  JURY TRIAL REQUEST

Pursuant to Federal Rule of Civil Procedure 38 (a)(b)(c), Title VII, and 42 U.S.C. § 1981a (c) (1), and all laws providing for a right to trial by jury, Dalessandro seeks a jury trial of all claims and issues.

Respectfully submitted this 20 April 2021.

| | |
|---|---|
| Mitchiner Law, LLC | Murray Law, LLC |
| By: | By: |
| /s/ Thomas H. Mitchiner | /s/ Steven Murray |
| Thomas H. Mitchiner | Steven Murray |
| Mitchiner Law, LLC | Murray Law, LLC |
| 1888 N. Sherman St., Ste 200 | 1888 N. Sherman St., Ste 200 |
| Denver, CO 80203 | Denver, CO 80203 |
| Phone: 720-538-0371 | Phone: 303-396-9952 |
| E-mail: | E-mail: |
| tmitchiner@mitchinerlawllc.com | steven@smurraylaw.com |
| Attorney for Plaintiff Gary Dalessandro | Attorney for Plaintiff Gary Dalessandro |

Address of Plaintiff Gary Dalessandro

72 Valley Ave.
Hartsel, CO 80449